# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE HERNANDEZ-SANCHEZ, | Civil No. 3:18-cv-0951 |
| Petitioner | (Judge Mariani) |
| v. | |
| Warden, CRAIG A. LOWE, | |
| Respondent | |

## **MEMORANDUM**

## I. **Background**

On May 7, 2018, Petitioner, Jose Hernandez-Sanchez, a native and citizen of El Salvador, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, petition). Petitioner challenges his continued detention by the United States Immigration and Customs Enforcement ("ICE"), and seeks immediate release from custody. (Doc. 1, petition). At the time his petition was filed, Petitioner was detained at the Pike County Correctional Facility, Lords Valley, Pennsylvania. *Id.*

An October 23, 2018 search of Petitioner's alien registration number, 073189407, and his country of birth, El Salvador, on the Online Detainee Locator System, https://locator.ice.gov/odls/homePage.do, returned no matches for any such detainee. A subsequent inquiry with the Pike County Prison revealed that Hernandez-Sanchez was removed on October 3, 2018. For the reasons set forth below, the Court will dismiss the habeas petition as moot.

## II. Discussion

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is deported, the petition becomes moot because the petitioner has achieved the relief sought. *See Tahic v. Holder*, 2011 U.S. Dist. LEXIS 49782, *3-4 (M.D. Pa. 2011); *Nguijol v. Mukasey*, 2008 U.S. Dist. LEXIS 95464, *1-2 (M.D. Pa. 2008) (dismissing the habeas petition as moot).

In the present case, the habeas petition challenges Petitioner's continued detention pending removal. *See* (Doc. 1). Because Petitioner has since been removed from the United States, the petition no longer presents an existing case or controversy. *See Diaz-Cabrera*, 2011 U.S. Dist. LEXIS 124195 at *2-4. Further, Petitioner has received the habeas relief he sought, namely, to be released from ICE custody. *See Sanchez v. AG*, 146 F. App'x 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was

2

released). Accordingly, the instant habeas corpus petition will be dismissed as moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")).

A separate Order shall issue.

Date: October 23, 2018

Robert D. Mariani
United States District Judge